UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILMINGTON SAVINGS FUND SOCIETY,
FSB, as trustee for UPLAND MORTGAGE
LOAN TRUST A, et al.,

                          Plaintiffs,

            -against-

DEMETRIOUS SMITH, *et al.*,

                          Defendants.

19-CV-2298 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Defendants, who are appearing *pro se*, filed a notice of removal seeking to remove to this Court an action pending in the Court of Common Pleas, Hamilton County, Ohio. *See Bank of America, N.A. v. Smith*, No. A 1605443 (Common Pleas, Hamilton Cnty, Ohio). By order dated March 15, 2019, the Court granted their request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the action is remanded to the Court of Common Pleas, Hamilton County, Ohio.

## STANDARD OF REVIEW

To remove a state-court action to a federal district court:

[a] defendant . . . shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). The federal district court must have original jurisdiction over the state-court action. *See* 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**BACKGROUND**

On March 13, 2019, Defendants filed a notice of removal, seeking to remove to this Court a foreclosure proceeding pending in Ohio. Attachments to the notice of removal show that the parties to this proceeding have been litigating this matter for years.

Defendants seek removal to this Court "in [the] hopes to finally be heard in an impartial court room." (Not. at 2.) They argue that this Court "has jurisdiction over the claims[ ] because this case involves New York Common law trusts." (*Id.*) They also allege that Plaintiffs violated several federal statutes.

Although Defendants assert that they are "resident[s] of and/or conduct[ ] business in this District," when identifying themselves in the "parties" section of the notice of removal, they state that they are residents of Hamilton County, Ohio. (*Id.* at 3.)

**DISCUSSION**

This notice of removal is improper. First, the notice of removal is untimely. A notice of removal must be filed within 30 days of the defendant's receipt of a pleading, motion or other paper indicating grounds for removal. 28 U.S.C. § 1446(b). Because Plaintiffs initiated this matter years ago, Defendants' time to file this notice of removal has expired.

Second, civil actions may be removed only to the federal court embracing the place where the state action is pending. 28 U.S.C. § 1441(a). Therefore, assuming this removal did not suffer from any deficiencies – which it plainly does – a *proper* removal should have been filed in the United States District Court in the Southern District of Ohio.

But, as it turns out, Defendants have already filed notices of removal in the Southern District of Ohio regarding this foreclosure. Recently, Judge Susan J. Dlott of the Southern District of Ohio instructed that court's Clerk of Court not to accept future filings from Defendants in that matter:

> Based upon defendants' contumacious [stubbornly disobedient] conduct in continuing to clog the docket of this case with frivolous motions and petitions filed after remand, the Court instructs the Clerk of Court to refuse any further filings in the above-captioned case, with the sole exception of any timely permissible objections to the Report and Recommendation.

*Bank of America, N.A. v. Smith*, No. 16-CV-1156 (SJD) (S.D. Ohio Sept. 8, 2017). Judge Dlott also warned Defendants

> in the strongest possible terms that they may be subjected to future non-monetary sanctions, as well as additional monetary sanctions, if they continue vexatious filings in this federal court in any other case. *This includes any future attempt to again improperly remove actions from state court to federal court.*

*Id.* (emphasis added).

Defendants are hereby warned that should they attempt to file improper notices of removal to this Court, they will face similar sanctions in this Court as they face in the Southern District of Ohio.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Defendants, and note service on the docket.

The Court remands this action under 28 U.S.C. § 1447(c) to the Court of Common Pleas, Hamilton County, Ohio. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 2, 2019
         New York, New York

COLLEEN McMAHON
Chief United States District Judge